IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANGELA WILLIAMS, *o/b/o A.O.W.*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 314-082 ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Angela Williams, proceeding on behalf of A.O.W. ("Claimant"), appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.      BACKGROUND**

Plaintiff applied for SSI on behalf of Claimant, alleging disability from speech and language impairments, attention deficit hyperactivity disorder (ADD/ADHD), and problems with his feet. Tr. ("R."), pp. 82, 184. Plaintiff originally alleged a disability onset date of May 6,

2000, but that date was amended, in accordance with Social Security regulations, to March 23, 2011, the date of the SSI application. See R. 18; 20 C.F.R. §§ 416.330 & 416.335. Claimant was thirteen years old at the time of the SSI application and was sixteen years old at the time the Administrative Law Judge ("ALJ") issued her written decision. R. 15, 197. The Social Security Administration denied the SSI application initially and on reconsideration. R. 82-91. Plaintiff requested a hearing before an ALJ, R. 93-96, and the ALJ held a video hearing on January 11, 2013. R. 38-81. At the hearing, the ALJ heard testimony from Plaintiff and Claimant, who appeared with an attorney, as well as from Dr. William Silberberg, a medical expert. Id. On May 20, 2013, the ALJ issued an unfavorable decision. R. 15-37.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 23, 2011, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: (1) speech impairment (stuttering with impairment of fluency); (2) mental impairments described as attention deficit hyperactivity disorder (ADHD) and dysthymic/chronic depression; (3) obesity; and (4) bilateral foot dysfunction described as plantar fasciitis, pes planovalgus, and pronation (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926a). Thus, the claimant has not been disabled, as defined by the Social Security Act, since March 23, 2011, the date the application was filed. (20 C.F.R. § 416.924(d)).

R. 21-33.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 5-9, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in her evaluation of the opinion of Claimant's treating speech language pathologist; and (2) the ALJ erred in her evaluation of Plaintiff's credibility. See doc. no. 14 ("Pl.'s Br."). The Commissioner maintains that the administrative decision is supported by substantial evidence. See doc. no. 15 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894

3

F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The Three-Step Sequential Process to Evaluate Disability in Children.

A three-step sequential process is used to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the claimant is engaging in substantial gainful activity; if so, the claim is denied. Id. § 416.924(b). At the second step, the Commissioner must determine whether the claimant has a severe impairment or combination of impairments; if the claimant does not have any severe impairments, the claim is denied. Id. § 416.924(c). At the third and final step, the Commissioner must determine whether the claimant's impairments meet, medically equal, or

4

functionally equal the Listings. Id. § 416.924(d). If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, he will not be found disabled. Id. § 416.924(d)(2).

"A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Shinn *ex rel*. Shinn v. Commissioner of Soc. Sec., 391 F.3d 1276, 1279 (11th Cir. 2004). In order to show that his impairment meets a Listing, a claimant needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "Limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Shinn, 391 F.3d at 1279. The claimant bears the burden of presenting specific medical findings to show he meets or equals a Listing. Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In determining whether an impairment or combination of impairments "functionally equals the severity" of a listed impairment, the ALJ must consider six major domains of life, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. Parks v. Commissioner, Soc. Sec. Admin., 783 F.3d 847, 851 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.926a(a), (b)(1), (d)). The claimant has the burden of proof to show that he has an "extreme" limitation in one domain, or "marked" limitations in two domains. Id. A limitation is "marked" if it "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." Id. A "marked" limitation is "more than moderate but less than

5

extreme." Id. An "extreme limitation" is one that "interferes very seriously" with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). However, a rating of "extreme" is reserved for only the "worst limitations," although this "does not necessarily mean a total lack or loss of ability to function." Id.

Here, when considering Claimant's functional equivalence to the severity of a Listing, the ALJ found no limitation for the first two domains of acquiring and using information and attending and completing tasks, and found a marked limitation in the third domain of interacting and relating with others.[1] R. 27-30. The ALJ found less than marked limitation for the last three domains: moving about and manipulating objects, caring for oneself, and health and physical well-being. R. 30-42. Absent an extreme limitation in one domain or marked limitations in two domains, Claimant was found not disabled. See Parks, 783 F.3d at 851.

Plaintiff argues that if the ALJ had properly evaluated the opinion of Claimant's speech pathologist, Ms. Cynthia Bowen, the record shows Claimant "has at least a marked, if not extreme impairment in the domain of interacting and relating with others," and shows Claimant "is markedly limited in his ability to acquire and use information based upon his speech impediment." Pl.'s Br., p. 11.

### B. Weight Afforded to Sources Used to Evaluate Impairments.

Neither side contests Ms. Bowen qualifies as a treating source or that the ALJ's treatment of Ms. Bowen's opinion, and those of physicians whose opinions also appear in the record, should be considered in accordance applicable Eleventh Circuit case law concerning

---

[1]Plaintiff has not argued that Claimant meets or equals a listing and has confined the analysis to functional equivalence. The Court likewise limits its analysis to functional equivalence.

6

the weight afforded to doctor's opinions. See 20 C.F.R. §§ 404.1513 & 416.913(a) ("Sources who can provide evidence to establish an impairment . . . are [l]icensed physicians . . . and [q]ualified speech-language pathologists, for purposes of establishing speech or language impairments only."). A treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

Furthermore, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). In certain circumstances, such as when state agency

7

physicians review a complete case record which provides more detailed and comprehensive information than was available to a treating source, an opinion of a state agency physician may be entitled to greater weight than the opinion of a treating source. Id. at *3.

**C. The ALJ Properly Evaluated the Opinion of Claimant's Speech Pathologist.**

The ALJ acknowledged the opinion from Ms. Bowen, a speech-language pathologist at Wheeler County Middle School, that Claimant's "severe fluency disorder interfered with his ability to acquire and use information and interact and relate to others (Exs. 5F, 8F)" and afforded that opinion "some weight." R. 26. Ms. Bowen's opinion is set forth in a one-paragraph, open letter dated November 17, 2010, and in a three-page questionnaire dated April 9, 2011. R. 287, 307-09. She explained that Claimant's ability to participate in conversations was hampered by his speech impediment and that he became easily frustrated when teachers and peers could not understand him. R. 307-09. She also relied on results from a test administered nearly eight years earlier, in 2002, to support her conclusion that Claimant had a "severe" fluency problem. R. 308, 328. In assigning some weight to Ms. Bowen's opinion, the ALJ agreed that the objective evidence supported a conclusion that Claimant had a marked limitation in the domain of interacting and relating to others, but also concluded, "[T]he medical and educational records do not support marked limitations in acquiring and using information." R. 26.

Contrary to Plaintiff's argument that the ALJ failed to provide a sufficient explanation for rejecting Ms. Bowen's opinion of the severity of Plaintiff's speech impediment and failed to point to contradictory evidence, the ALJ's opinion is replete with citations to record

8

evidence which provides substantial evidence supporting the ALJ's findings. As succinctly summarized by the Commissioner in her briefing:

> The . . . ALJ evaluated all of the evidence and found that the expert medical opinion of William Silberberg, M.D., Claimant's medical records indicating an improvement in his condition with medication, Claimant's school records showing his grades improved, and Claimant's activities showing that he has been successful in overcoming his impairments indicated that Claimant did not functionally equal the listings.

Comm'r's Br., p. 1.

First, Dr. William Silberberg, a board-certified pediatrician licensed to practice in Connecticut and an emeritus to the clinical faculty at the Yale University School of Medicine, testified as a medical expert during the video hearing. R. 45-57. Dr. Silberberg opined that Claimant had no limitation in acquiring and using information and testified that nothing in the record supported an assessment of borderline intellectual disability. R. 21-22, 48-49. Moreover, counsel conceded at the hearing that Plaintiff was not making any assertion of borderline cognitive difficulties and that Claimant's grades show "he is doing better in school and actually doing fine in regards to his learning." R. 50; see also R. 22, 24 (ALJ's acknowledgment of improved scholastic achievement as evidenced by grades and testimony of Claimant's mother). Although Plaintiff's briefing on Claimant's scholastic career conveniently starts before the alleged onset date and stops just after with a discussion of the November 16, 2011, Individualized Education Program, an official school transcript dated December 12, 2012, shows grades in the A to C range. R. 26, 253. Moreover, Plaintiff testified at the hearing that, with medication, Claimant's grades improved "remarkably," and that Claimant's ability to focus at school had "come up a whole lot." R. 60, 63.

9

Second, in discounting Ms. Bowen's opinion, the ALJ relied on the records of Angelita Lucero, M.D., who treated Claimant at the Community Mental Health Center. R. 25. At approximately Claimant's onset date in March 2011, Dr. Lucero noted difficulties in Claimant's ability to focus and control his temper, but his stuttering "is not so bad; when he is relaxed he can finish[] a sentence . . . spontaneously." R. 285. In July 2011, Dr. Lucero noted that although Claimant stuttered when excited, his speech is improved. R. 311. In September 2011, at the start of Claimant's ninth grade school year, Dr. Lucero stated Claimant was "involved with lots of activities like band and also he is a manager for football team and also doing well in school." R. 314. She also noted Claimant was a member of the choir and "has fewer problems with his stuttering." R. 314.

In July 2012, a colleague of Dr. Lucero's at Community Health Center, James A. Kilber, M.D., noted Claimant "is doing well with problem [and] did fine in school." R. 331. He did not observe "a real big problem with the stuttering." Id. This is the same Dr. Kilber whose records the ALJ referenced as first assessing Claimant just prior to his onset date in January 2011 and opining that he was "quite easily understood . . . after a very short period of time." R. 25, 283. By the end of September 2012, approximately three months before the hearing with the ALJ, Dr. Lucero stated that Claimant "continues to do well in school" and noted that Claimant's "speech is much better." It is more spontaneous." R. 337. Just over one month prior to the hearing, Dr. Lucero again noted that Claimant was doing well in school, continuing his speech therapy, and according to Claimant, "things have been better." R. 366.

Third, as acknowledged by the ALJ, state agency consultants twice opined that Claimant did not meet, equal or functionally equal the listings. R. 26. Although the ALJ did

10

not fully credit the opinions of the consultants as to all six domains, the ALJ did follow both opinions as to the only two domains challenged by Plaintiff in these proceedings: acquiring and using information, as well as interacting and relating with others. Id. In May 2011, the state agency consultants found no limitation on acquiring and using information and a marked limitation for interacting and relating with others. R. 291-92. Upon reconsideration in late 2011, a new set of state agency consultants reached the same conclusions on these two domains. R. 297-98.

Plaintiff argues that Ms. Bowen's opinion indicates he is markedly limited in his ability to acquire and use information based upon his speech impairment, without ever acknowledging Plaintiff's concession at the hearing that Claimant no limitation with respect to cognitive abilities. Moreover, the ALJ supported her conclusion of no limitation in this domain by relying on Claimant's improved grades, Plaintiff's testimony as to Claimant's scholastic improvement since he started taking medication, and the opinions of multiple sets of medical experts.

Plaintiff's argument as to the impact of Ms. Bowen's opinion on the domain of interacting and relating with others also misses the mark because the ALJ concluded Claimant had a marked limitation in this domain. To the extent Plaintiff contends Claimant's had "at least a marked, if not extreme impairment" in this domain, she points to nothing suggesting an "extreme" limitation that "interferes very seriously" with Claimant's ability to independently initiate, sustain, or complete activities. The ALJ's conclusion of a marked limitation is supported not only by the expert medical opinions of Dr. Silberberg, the state agency consultants, and Dr. Lucero, but also by Plaintiff's testimony of Claimant's participation in extracurricular activities, including team manager for the football team.

11

As such, the Court finds that the ALJ's treatment of Ms. Bowen's opinion and its impact on determining functional equivalence is supported by substantial evidence.

### D. Standard for Evaluating Subjective Complaints.

Plaintiff also argues that the ALJ improperly assigned "limited weight" to her testimony about Claimant, her son. Problematically, however, Plaintiff never identifies specifically what testimony, if properly credited, would make a difference to the disability determination. Rather, Plaintiff simply recites the standard for making credibility determinations and claims the ALJ made a "boilerplate" credibility finding. Pl.'s Br., p. 13.

The Eleventh Circuit has established a three-part standard for evaluating subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Commissoner of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4).) As explained in Social Security Ruling 96-7p, the ALJ must

12

consider the entire record in evaluating credibility, including objective medical evidence, the individual's own statements, and statements from doctors or other persons about the claimant's symptoms and how they affect the claimant. SSR 96-7p, 1996 WL 374186, at *1-2 (July 2, 1996).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). Social Security Ruling 96-7p similarly requires, "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p, 1996 WL 374186, at *4.

Here, Plaintiff does not identify any portion of her testimony that, if credited, would change the disability determination. There is no allegation that the ALJ erroneously recounted any of Plaintiff's testimony. Indeed, the opinion is replete with instances in which the ALJ recounted Plaintiff's testimony and then immediately contrasted it either with conflicting testimony from Plaintiff herself, Claimant, or records showing improvement in

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

13

the problems identified by Plaintiff. For example, at one point the ALJ acknowledged Plaintiff reported problems with Claimant's ability to speak clearly, the ability to make friends, and stay focused on tasks. R. 24. The ALJ then recounted Plaintiff's testimony that ADHD medication had provided substantial benefit and that Claimant's grades had improved, as well as Claimant's testimony that managing the school football team had helped his self-confidence. Id. The ALJ then spent several pages explaining how medical records supported the conclusion that the problems identified by Plaintiff in her testimony had improved over time. Indeed, within the discussion of each domain challenged before this Court, the ALJ explicitly contrasted Plaintiff's testimony describing Claimant's alleged problems with evidence from the record showing improvement with the identified issues. R. 28-29, 30.

Moreover, as the Commissioner correctly summarizes, Plaintiff herself provided much testimony showing Claimant had improved in many areas which had previously caused him problems:

> During a hearing in front of the ALJ, Plaintiff testified that Claimant was disabled due to speech difficulties and orthopedic pain (Tr. 59). She stated medication benefited Claimant, helping his grades "come up remarkably" (Tr. 59-60). Plaintiff also stated Claimant started serving as a sports team manager, which helped him get involved with other children (Tr. 61). Claimant was also in a church band (Tr. 63). Plaintiff stated Claimant's ability to focus in school had improved to average/above average (Tr. 63). Claimant' was also "very good" at forming friendships despite any speech difficulties (Tr. 64-65).

Comm'r's Br., p. 3.

Thus, in the absence of the identification of any particular testimony that allegedly was mischaracterized or would otherwise contradict the finding of not disabled, and because the ALJ provided a detailed opinion which meticulously described the evidence from

numerous sources and contrasted the claims of disability with documented improvement, the Court finds that the ALJ properly assessed Plaintiff's credibility.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 31st day of August, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA